McKinney, J.
delivered the opinion of the court.
This is a special action of assumpsit prosecutedby the defendants in error, who are the personal representatives of L. J. Wilkins, deceased, against the plaintiffs in error, in the circuit court of Gibson county, to recover damages for the breach of an unsealed written agreement, whereby the plaintiffs in error, stipulated and agreed to convey to the intestate, the western half of a five hundred acre entry of land situate in the thirteenth surveyor’s district, 3rd section and 3rd range, which they had bargained and sold to him for the consideration of $1300. The agreement was entered into on the 19th day of December, 1845, and in terms “binds the above named parties to make the said L. J. Wilkins, a good warranty deed by the first day of March, 1846, to the above described land.” This suit was brought 28th January, 1847, by the said L. J. Wilkins, in his lifetime; and after his death, which happened in the February ensuing, was revived in the names of the defendants in error, his personal representatives. On the trial in the circuit court, the jury found a verdict in favor of the plaintiffs below, for $1456, upon which the court rendered a judgment, and a new trial being refused, an appeal in the nature of a writ of error was prosecuted to this court.
*649 The defence in the circuit court rested on grounds purely technical. The bill of exceptions shows that the plaintiffs in error, admitted, on the trial, the execution of a written agreement, upon which the suit is founded; and that the full amount of the consideration, being $1300, was paid to them by said Wilkins at the date of the agreement. It was further admitted by them, that neither at the date of the agreement, nor on the first day of March, 1846, nor at any time since, had they any title to said land or any part thereof, the title then and now, being in Love’s heirs. It was likewise admitted, that Wilkins took possession of said land about the time of the agreement; that he remained in possession during his life, and that possession has been continued since his death by his heirs at law. Wilkins was informed at the time of his purchase, that the title to the land was in Love’s heirs, from whom the plaintiffs in error expected and undertook to obtain it. The errors assigned are upon the charge of the court. His honor instructed the jury, in substance, that the legal interest in the contract declared on in this case, did not, on the death of Wilkins descend to, or vest in his heirs at law, as contended by the counsel of the defendants, but survived to his personal representatives by whom this suit was properly prosecuted. That if the death of Wilkins had occurred before the breach of the agreement,' the contract and right of action thereon, would have descended and vested in his heirs at law; but that his death having happened after breach, the personal representatives were entitled to sue. The jury were further instructed, that if the vendors had no title to the land, and therefoi’e, could not comply with the agreement, it was not necessary that a deed should have been demanded by the intestate, before. entitling himself to maintain this suit; neither was it necessary that he should have surrendered the possession, or offered to do so before the institution of the suit. The court *650 also “directed the jury to compute interest from the time of the breach of the agreement sued on.”
It is argued on the part of the plaintiffs in error, that in each of the foregoing propositions there is error.
.1. Did the court err in holding that the right of action in this case survived to the personal representatives of the intestate? We think no.t. It is laid down in Comyn’s Dig., Tit. Covenant, B., that “if aman covenants with B, his heirs and assigns, upon a grant or conveyance of an inheritance, the executor or administrator may have covenant for damages upon a breach in his lifetime:” and the same author (Tit. Administration, B. 13; Covenant B. 1,) states the-rule thus; “the personal representative may sue not only for a debt due to the deceased, by specialty or otherwise, but also for all covenants, and indeed, all contracts, with the testator or intestate, broken in his lifetime.” The rule is laid down in these general and unqualified terms in Bac. Abr. (Ex’rs. N.) and other old authorities. This rule, however, is not without exceptions; and it has béen limited and qualified by modern decisions. Thus, in the case of Kingdom against Nattle, where the grantor of an estate in fee had covenanted with the grantee, that he was seized in fee, and had aright to convey, &c., it was held, that the executor of the grantee could not maintain an action assigning for breach, that the grantor was npt seized in fee, and had not a right to convey; 1 M. & Sel. 362. But it was said by Mr. justice Bayley in that case, that if the executor could allege in his declaration, that the testator was prevented from selling the estate by reason of the breach of covenant assigned, perhaps he might maintain the action. In the case of King vs. Jones. 5 Taunton’s Rep. 418, 4 M. & Sel. 188, the vendor had covenanted with the vendee and his heirs for further assurance on request; and the vendee, in his lifetime, had requested to have a fine levied, which was not done, and the heir was evicted after- the death of tíre vendee. And it was held *651 that as the ultimate damage had net been sustained in the lifetime of the ancestor, the action remained to the heir in preference to the executor, although the breach occurred in the ancestor’s lifetime, by the request or refusal to levy a fine. But it was admitted by the judges in these cases, that when the ultimate damage is sustained in the lifetime of the ancestor, and the land, and consequently the covenant, does not descend to the heir, then the executors only can sue upon the covenant. See 1 Williams on Exrs. 570. And in the late case of Orme vs. Broughton, 10 Bligh’s Reports 533; which was an action of assumpsit by the personal representative of the vendee against the vendor, for failing to deliver an abstract of a good title to the vendee in proper time: The defendant demurred to the declaration, upon the ground, that the damage, if any, was to the heir, and not to the ad-. ministrator. But the court of common pleas held, that the plaintiff was entitled to judgment; for there appeared on the face of the record a personal contract, a breach of it in the lifetime of the intestate, and a loss to his personal property. The court, in that case, said; “it was clear that the heir could not sue the vendor; for in all cases where the heir had sued, the « action had been on a covenant, but he could have no right of action on a mere agreement to sell.”
We do not deem it necessary to notice other cases referred to, as they decide nothing in opposition to the right of the personal representative to maintain the action in a case like the present. Here the breach was in the lifetime of the purchaser, and this suit was commenced by him. The vendors having no title to the land agreed to be conveyed, nothing passed to the vendee, and consequently nothing descended to the heir; therefore he could have no right of action for the breach of the agreement. The personal estate was injured and diminished to the extent of the consideration money paid, and was enti- *652 tied to be reimbursed out of the damages recovered for the breach, and therefore, only the representative of the personal estate could sue.
2. Did the court err in instructing the jury, that to entitle the plaintiffs below to maintain this action, it was necessary that the intestate should have surrendered, or offered to surrender the land, or have demanded a deed?
The settled and uniform principle at law is, that “when a conveyance is to be executed, on or before a certain specified day, the time fixed is considered to be of the essence of the contract, and the vendee may rescind the contract, if the vendor be not ready on or before the exact day.” Chitty on Con., 6 American edition, 310; Sugden on Vend. 419 marg. It necessarily results from the foregoing principle, that when the vendor has taken it upon himself to execute a deed on a certain day specified in the covenant or agreement, and no precedent or concurrent act is to be performed by the vendee, the vendor must, at his peril, execute and tender the deed within the time limited. If he fails to do so, the covenant or agreement is broken, and the vendee will be entitled to sue •for the breach without, either demanding a deed, or surrendering possession of the land covenanted to be conveyed; such is understood to have been the settled course of adjudication in this state. And the cases cited and relied upon by the counsel of the plaintiffs in error, are not at variance with the foregoing .principle. It is admitted that the law is otherwise when no time is fixed for the'execution of the deed: or, when there are mutual and dependant covenants, the performance of which must be simultaneous; or where, although a time be fixed, there remains some precedent or concurrent act to be performed by the vendee; and within one or the other of these exceptions, all the cases relied upon in argument will be found to fall. But if the rule were admitted to be as contended for, on the *653 part óf the plaintiffs in error, it could have no application to the case under consideration. In the case of Seward vs. Willick, 5 East, 198, it is held that although a purchaser is expressly required to prepare a conveyance: yet, if a bad title be produced, he may maintain an action for recovery of his deposit, without tendering a conveyance. And when the vendor, by selling the estate, has incapacitated himself from executing a conveyance to the first purchaser, further trouble and expense on his part is unnecessary, and he may maintain an action without tendering a conveyance, or the purchase money: 1 Esp. Cases, 184; 1 H. Black. R. 270.
It would be most absurd, in the case under consideration, to hold, that it was necessary to demand a deed from the plaintiffs in error, or to surrender the possession of the land to them, when they admit that they had no pretence of title, or right of possession thereto; upon this point, there is, therefore, no error in the charge of the circuit judge.
3. The only remaining enquiry is, whether or not’the court erred in directing the jury to compute interest from the time of the breach of the agreement sued on. The record does not inform us which rule of damages, was laid down b^the circuit judge. It is stated in argument, however, to have been the consideration money paid, with interest thereon from the time of the breach. If so, the rule was mistated. It is well settled in this state, that in an action for breach of a covenant or agreement to convej, the value of the land at the time of the breach, is the measure of damages. And in an action for breach of covenant of warranty or other covenants in a deed, the purchase money with interest thereon. The question as to the rule of damages, however, does not properly arise upon this record: we assume it to have been correctly stated to the jury, from the silence of the record. We think the court erred in directing the jury to compute interest. Interest, as *654 such was not recoverable in this case. The jury might, perhaps, have allowed interest, by way of enhancing damages, if, under all the circumstances of the case, they had deemed it proper to do so; but it was a matter resting purely in their discretion. The court erred, therefore, in assuming it as a rule of law, that the plaintiff was entitled to recover interest; and upon this ground the judgment must be reversed, and the case remanded for a new trial.